UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

        Plaintiff,                     CIVIL ACTION NO. 09-12933
vs.                                     DISTRICT JUDGE JOHN FEIKENS
                                        MAGISTRATE JUDGE DONALD A. SCHEER

MICHIGAN DEPARTMENT OF
COMMUNITY HEALTH,

        Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion to Dismiss should be GRANTED. Plaintiff has not provided a right to sue letter from the EEOC. He may not pursue a Title VII action in federal court until he has exhausted his administrative remedies.

\* \* \*

This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiff, proceeding pro se, filed a Complaint on July 24, 2009, against the Michigan Department of Community Health alleging he was unfairly terminated from his employment as a child care worker by the state agency. Plaintiff was employed by the defendant from October 2006 through July 2008, at the Hawthorn Facility in Northville, Michigan. He claimed that he was wrongfully discharged by the agency on July 21, 2008, as a result of racial bias. Claiming violations of Title VII of the Civil Rights Act of 1964 and Michigan's Whistleblower Act[1], Plaintiff sought injunctive relief and monetary damages.

---

[1] Michigan's Whistleblower Protection Act (WPA) expressly provides that members of the state classified civil service do not fall under the provisions of the statute. MCLA 15.361(a). As a classified civil servant, Plaintiff's WPA claims must be dismissed for failure to state a claim.

Defendant filed a Motion to Dismiss on September 29, 2009, arguing, inter alia, that Plaintiff's failure to provide a right to sue letter from the Equal Employment Opportunity Commission (EEOC) barred him from bringing a Title VII action in federal court.  Plaintiff filed a response to Defendant's Motion to Dismiss on October 2, 2009, insisting that he had been made to work  in a racially hostile work environment, and that he was fired by the defendant in retaliation for having filing grievances against management with his union.  Plaintiff did not attach a right to sue letter from the EEOC to either the Complaint or his response to Defendant's Motion to Dismiss.

APPLICABLE LAW AND STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted.  The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint if true.  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).   A complaint need not contain detailed factual allegations.  Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true.  Bell Atlantic Corporation v. Twombly, 127 S.Ct 1955, 1964 (2007).  The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action.  The court should proceed on the assumption that all the allegations of the complaint are true.  A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," and

Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the plaintiff's factual allegations. Id. The Court is not obliged, however, to accept a plaintiff's unsupported legal conclusions.

## FEDERAL STATUTORY CLAIM

Plaintiff alleges that the Defendant's actions violated federal civil rights laws. He claims that he was unfairly terminated from his job as a child care worker as a result of racial bias in violation of 42 U.S.C. § 2000e (also known as Title VII of the Civil Rights Act of 1964).

In order to recover for illegal discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., a plaintiff must first timely file a charge with the Equal Employment Opportunity Commission (EEOC). Amini v. Oberlin College, 259 F.3d 498 (6th Cir. 2001); Cox v. Memphis, 230 F.3d 199, 201-202 (6th Cir. 2000). Exhaustion of administrative remedies is necessary so as to allow a resolution of the dispute without having to proceed to court. The purpose of requiring the filing of EEOC charges "is to provide the [EEOC] with sufficient information so that it may notify prospective defendants and to provide the EEOC with the opportunity to eliminate the alleged unlawful practices through informal methods of conciliation." Howlett v. Holiday Inns Inc., 49 F.3d 189, 196 (6th Cir. 1995). See also Vinson v. Ford Motor Co., 806 F.2d 686 (6th Cir. 1986)("Conciliation is an important purpose of the requirement that a claimant first file with an administrative agency.").

Although these procedural requirements are not jurisdictional, they should not be disregarded by the courts "out of a vague sympathy for particular litigants." Pucket v.Tenn. Eastman Co., 889 F.2d 1481 (6th Cir. 1989)(citing Baldwin County Welcome Ctr. v. Brown,

**3**

466 U.S. 147, 152 (1984). Plaintiff here has failed to establish that he filed a timely complaint with the EEOC, or that he obtained a right to sue letter.

Having failed to meet those preconditions, Plaintiff's employment discrimination claims under Title VII should be dismissed without prejudice pending a showing that his administrative remedies have been exhausted.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Feikens' acceptance thereof is waived.

                                                s/Donald A. Scheer  
                                                DONALD A. SCHEER  
                                                UNITED STATES MAGISTRATE JUDGE  
DATED: October 30, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 2, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 2, 2009: **Anderson Lee Fernanders.**

                                                s/Michael E. Lang  
                                                Deputy Clerk to  
                                                Magistrate Judge Donald A. Scheer  
                                                (313) 234-5217