UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,   Case No. 09-12933

    Plaintiff,   District Judge Avern Cohn

v.   Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF COMMUNITY
HEALTH / HAWTHORNE CENTER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION RE: INJUNCTIVE RELIEF

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. #72], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be DENIED.

### I.   BACKGROUND

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1962, 29 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff, and African-American male, alleges that the Defendant, his former employer, fired him on the basis of racial discrimination. I have filed a separate Report and Recommendation, recommending that the Defendant's motion for summary judgment [Doc. #74] be granted, and that the complaint be dismissed with prejudice.

In the present motion for injunctive relief, Plaintiff requests that the Defendant "and all of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them" be enjoined "from issuing threats of prosecution, initiating or pursuing any such prosecution, harassing, molesting, intimidating, retaliating

against, or tampering with any witness or victim of the acts alleged in Plaintiff's complaint." *Motion*, p.1. Plaintiff further states, "In this case, an emergency temporary restraining order and a preliminary injunction are both necessary and appropriate because Plaintiff has a chance of prevailing on its claims and would suffer imminent and irreparable harm if such interim relief were to be denied." *Id.*, p.3.

## II.  STANDARD OF REVIEW

In determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

A preliminary injunction is an extraordinary remedy "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."

*Id.; Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The level of proof required for the Plaintiff to obtain a preliminary injunction "is much more stringent than the proof required to survive a summary judgment motion." *Id.*

### III. DISCUSSION

First of all, for the reasons discussed in my separate Report and Recommendation regarding Defendant's motion for summary judgment, Plaintiff has no chance of prevailing on the merits of his Title VII case. Indeed, I recommended that the complaint be dismissed with prejudice.

In addition, while the Plaintiff apparently seeks to enjoin Defendant from retaliating against some unidentified witnesses, he does not state that any such nefarious activity has actually taken place. Instead, Plaintiff has done nothing more than offer his belief that at some unspecified time in the future, the Defendants *might* take some action that *might* be perceived as intimidating to some unspecified witness or witnesses. Apart from the fact that intimidating witnesses is contrary to law regardless of whether an injunction is ordered, the law is also clear that injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

Plaintiff has simply not met his burden of showing entitlement to injunctive relief, and his motion must therefore be denied.

### IV. CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. #72] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                  s/ R. Steven Whalen
                                  R. STEVEN WHALEN
                                  UNITED STATES MAGISTRATE JUDGE

Date: July 19, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 19, 2012.

Anderson Lee Fernanders         s/Johnetta M. Curry-Williams
P.O. Box 32219                          Case Manager
Detroit, MI 48232