UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiffs,

v.                                                                                    Case No. 09-12933

MICHIGAN DEPARTMENT OF                                    HONORABLE AVERN COHN
COMMUNITY HEALTH/HAWTHORNE
CENTER,

    Defendant.

_____/

**ORDER
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 89)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 84)
AND
DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF(Doc. 72)**

I.

This is an employment discrimination case.  Plaintiff Anderson Lee Fernanders, proceeding pro se, asserted several claims against his former employer, the Michigan Department of Community Health/Hawthorne Center.  The matter was referred to a magistrate judge for pretrial proceedings.  (Doc. 3).  Following dispositive motions by defendant, only plaintiff's claim for race discrimination under Title VII remained.  (See Docs. 15, 23, 31,46 ).  Plaintiff filed a motion for temporary restraining order and preliminary injunction, seeking to enjoin defendant and its officers from engaging in threatening or retaliatory behavior regarding any witness or victim of alleged

discrimination. (Doc. 72).[1]  The magistrate judge issued a report and recommendation (MJRR), recommending that plaintiff's motion be denied.  (Doc. 84).  Before the Court are plaintiff's objections to the MJRR.  (Doc. 89).  For the reasons that follow, plaintiff's objections will be overruled, the MJRR will be adopted, and plaintiff's motion for injunctive relief will be denied.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

III.

The Court has reviewed plaintiff's objections.  Nothing in the objections convince the Court that the magistrate judge erred in his recommendation.  As noted above, defendant filed a motion for summary judgment.  The magistrate judge recommended the motion be granted.  The Court has agreed and adopted the magistrate judge's

---

[1]Defendant filed a motion for summary judgment on plaintiff's sole claim.  (Doc. 74).  That motion is the subject of a separate order.

recommendation in a separate order. Given that defendant is entitled to summary judgment, plaintiff cannot obtain injunctive relief because he cannot show he is likely to succeed on the merits of his claim. Moreover, as the magistrate judge explained, plaintiff cannot obtain injunctive relief against defendant for taking alleged illegal actions at some unspecified point in the future.

Accordingly, plaintiff's objections are OVERRULED. The findings and conclusions of the magistrate judge in the MJRR are ADOPTED as the findings and conclusions of the Court. Plaintiff's motion for injunctive relief is DENIED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 14, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160