UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiffs,

v.    Case No. 09-12933

MICHIGAN DEPARTMENT OF    HONORABLE AVERN COHN
COMMUNITY HEALTH/HAWTHORNE
CENTER,

    Defendant.

_____/

**ORDER
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 88)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 85)
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 74)
AND
DISMISSING CASE**

I.

This is an employment discrimination case.  Plaintiff Anderson Lee Fernanders, proceeding pro se, asserted several claims against his former employer, the Michigan Department of Community Health/Hawthorne Center.  The matter was referred to a magistrate judge for pretrial proceedings.  (Doc. 3).  Following dispositive motions by defendant, only plaintiff's claim for race discrimination under Title VII remained.  (See Docs. 15, 23, 31,46 ).[1]  Defendant filed a motion for summary judgment on plaintiff's

---

[1]This case was originally before another district judge.  It was later reassigned to the undersigned.  (Doc. 55).  While the report and recommendation at page 2 states that the undersigned issued orders regarding plaintiff's claims, it was the original district judge who issued those orders, not the undersigned.

sole claim. (Doc. 74).[2] The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. (Doc. 85). Before the Court are plaintiff's objections to the MJRR. (Doc. 88). For the reasons that follow, plaintiff's objections will be overruled, the MJRR will be adopted, defendant's motion for summary judgment will be granted, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

III.

The Court has reviewed plaintiff's objections. Nothing in the objections convinces the Court that the magistrate judge erred in his recommendation.[3] To the contrary, the magistrate judge carefully explained why plaintiff has not made out an actionable claim

---

[2]Plaintiff also filed a motion for injunctive relief. That motion is the subject of a separate order.

[3]At best as can be gleaned from plaintiff's objections, he is raising the same arguments considered and rejected by the magistrate judge.

against defendant for race discrimination. The record does not contain any admissible evidence showing that plaintiff was treated differently than similarly situated non-protected persons because of his race or that defendant's reason for terminating his employment–violation of defendant's time and attendance policy–was a pretext for race discrimination.

Accordingly, plaintiff's objections are OVERRULED. The findings and conclusions of the magistrate judge in the MJRR are ADOPTED as the findings and conclusions of the Court. Defendant's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: August 14, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 14, 2012, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160