UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

      Plaintiffs,

v.                                                                    Case No. 09-12933

MICHIGAN DEPARTMENT OF                        HONORABLE AVERN COHN
COMMUNITY HEALTH/HAWTHORNE
CENTER,

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 93)

I.

This is an employment discrimination case.  Plaintiff Anderson Lee Fernanders, proceeding pro se, asserted several claims against his former employer, the Michigan Department of Community Health/Hawthorne Center.  The matter was referred to a magistrate judge for pretrial proceedings.  (Doc. 3).  Following dispositive motions by defendant, only plaintiff's claim for race discrimination under Title VII remained.  (See Docs. 15, 23, 31,46 ).

Defendant filed a motion for summary judgment on plaintiff's sole claim.  (Doc. 74).[1]  The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted.  (Doc. 85).  Plaintiff objected.  (Doc. 88). The Court overruled the objections, adopted the MJRR, granted defendant's motion for

_____

[1]Plaintiff also filed a motion for injunctive relief.  (Doc. 72).  The magistrate judge recommended that the motion be denied.  (Doc. 84).  The Court, over plaintiff's objections (Doc. 89), agreed and denied plaintiff's motion.  (Doc. 90).

summary judgment, and dismissed the case.  (Doc. 91).  The Court then entered a

judgment in favor of defendant.  (Doc. 92).  Before the Court is plaintiff's motion for relief

from judgment (Doc. 93).  For the reasons that follow, the motion will be denied.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered
> Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court
> may relieve a party or a party's legal representative from a final judgment, order,
> or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or
> excusable neglect; (2) newly discovered evidence which by due diligence could
> not have been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation,
> or other misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a prior judgment upon
> which it is based has been reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective application; or (6) any other
> reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under

subsections (1), (2) and (3), "no more than one year after entry of the judgment or order

or the date of the proceedings."  Fed. R. Civ. P. 60(c).

III.

In his motion for relief from judgment, plaintiff actually takes issues with an order

by the magistrate judge which denied plaintiff's discovery motions (Docs. 64, 65) as

moot on the grounds that all requested discovery had been provided.  (Doc. 81).

Plaintiff likewise takes issue with another order by the magistrate judge which denied

plaintiff's motions to compel subpoenas (Docs. 66, 67, 68, 69) on procedural and

substantive grounds.  (Doc. 86).  Both orders were entered on July 19, 2012.  Plaintiff

took no objections or otherwise appealed either order.  Plaintiff's motion for relief from

2

judgment therefore appears premised on objections to discovery orders.  Putting aside

that plaintiff failed to take timely action to appeal the discovery orders, nothing in

plaintiff's motion convinces the Court that the magistrate judge erred in its discovery

rulings which would require the extraordinary remedy of setting aside the judgment.

Accordingly, plaintiff's motion is DENIED.

   SO ORDERED.


        S/Avern Cohn_____
       AVERN COHN
       UNITED STATES DISTRICT JUDGE


Dated:  September 21, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, September 21, 2012, by electronic and/or ordinary mail.


        S/Julie Owens_____
       Case Manager, (313) 234-5160